Terry ROBINSON and Darlene Robinson, Plaintiffs–Appellants,

v.

NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Defendant,

Lindsay Park Housing Corporation;
Zenith Management, Defendants–
Appellees.

Docket No. 01–9136.

United States Court of Appeals,
Second Circuit.

June 18, 2002.

Terry Robinson, pro se, Brooklyn, NY, for Appellants.

Present WALKER, JR., Chief Judge, MINER and CABRANES, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiffs-appellants Terry and Darlene Robinson appeal from the judgment of the district court (Nickerson, *D.J.*) granting their application to proceed *in forma pauperis* and dismissing their complaint for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted.

This appeal stems from the denial of appellants' succession rights to and their eviction from a Brooklyn apartment. The apartment is owned by appellee Lindsay Park Housing Corp., a publicly assisted housing development corporation, and managed by appellee Zenith Management, a private corporation. Appellants Terry and Darlene Robinson are, respectively, mother and daughter. They claim to have resided for a long enough period of time with Terry Robinson's grandmother, the previous occupant of the apartment, to be entitled to succeed to her rights in the apartment upon her death. Defendant New York City Housing and Preservation Department ("HPD") denied appellants' applications for succession rights on at least two occasions. Appellants finally were evicted after unsuccessfully pressing their claims in various proceedings before the New York Civil Court, Housing Part, and in an Article 78 proceeding.

In their complaint filed with the district court, appellants claimed that the denial of their succession rights and their eviction were in violation of their equal protection and due process rights, as well as their rights under the Housing Act, 42 U.S.C. § 1437. Appellants also claimed that Lindsay Park and Zenith illegally converted their equity shares in the apartment, denied them access to and damaged their property, and coerced Terry Robinson into making concessions that contributed to the defeat of her succession claims. After identifying several deficiencies in appellants' complaint, the district court initially dismissed with leave to amend, noting that appellants could claim that a more flexible succession standard should be applied to them if they could allege that they were recipients of § 8 subsidies under the Housing Act. When appellants' subsequent submissions failed to cure the deficiencies, the district court adopted the Report and Recommendation of the Magistrate Judge and dismissed for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine and for the failure to state a claim.

On appeal, appellants assert various constitutional claims regarding the alleged wrongful denial of their succession rights and irregularities and discriminatory practices in the lower court, state court, and/or HPD proceedings. Appellants renew their claim that an agent of Zenith coerced them into vacating their apartment, and that

their possessions were damaged, destroyed, or lost in the eviction. Appellants further allege that their attorney at the Article 78 proceeding was ineffective, that the Article 78 proceeding was prejudicial because it did not grant appellants a jury trial, and that Lindsay Park is subject to the Housing Act because it receives federal funds and houses twenty-six § 8 recipients. In letters submitted through their counsel, Lindsay Park, Zenith, and the City of New York stated their intention not to appear based on appellants' alleged failure to serve them with a complaint.

Reviewing *de novo* the district court's dismissal for lack of subject matter jurisdiction and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir.1996); *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir.2001), we affirm. We agree with the district court and the Magistrate Judge that appellants' claims regarding their succession rights and the procedural irregularities in the state court proceedings were either issues litigated before the state courts or "inextricably intertwined" with such issues. Accordingly, the district court lacked subject matter jurisdiction over these claims under the *Rooker–Feldman* doctrine. *See Moccio*, 95 F.3d at 197, 199–200.

With respect to appellants' claims against Lindsay Park and Zenith, we also agree with the district court that appellants have failed to state a claim under § 1983 because they have not alleged that these private entities are state actors. *See Rodriguez v. Phillips*, 66 F.3d 470, 473 (2d Cir.1995). Nor is appellants' allegation that Lindsay Park has received some federal subsidies sufficient to cure this deficiency. *See San Francisco Arts & Athletics, Inc. v. United States Olympic Comm.*, 483 U.S. 522, 544, 107 S.Ct. 2971, 97 L.Ed.2d 427 (1987). In this connection, we also note that appellants have failed to invoke the more flexible succession standards under the Housing Act because they have not alleged that they themselves, as opposed to other Lindsay Park tenants, are § 8 recipients. *Silberman v. Biderman*, 735 F.Supp. 1138, 1151 (E.D.N.Y. 1990).

Finally, we find no merit in appellants' claims that they unconstitutionally were denied a jury trial at the Article 78 proceeding and that their counsel at that proceeding was ineffective. *See GTFM, LLC v. TKN Sales, Inc.*, 257 F.3d 235, 240 (2d Cir.2001) (noting that there is no constitutional right to a jury trial in state court proceedings); *cf. Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172–74 (2d Cir.1989) (per curiam) (noting that there is no constitutional right to counsel at a civil trial).

Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED.**